WALTER R. CANNON, ESQ.
Nevada Bar No. 001505
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
wcannon@ocgas.com
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
Attorney for Defendants
Lowe's Home Centers, LLC
and Lowe's HIW, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| AILI KAUPS,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br>LOWE'S HIW, INC.,<br>DOE MAINTENANCE EMPLOYEE,<br>DOE EMPLOYEE, DOE JANITORIAL<br>EMPLOYEE, DOE OWNER, I-V,<br>ROE OWNERS, ROE EMPLOYER,<br>ROE COMPANY<br>and ROE COMPANIES, I-V,<br><br>    Defendants. | Case No. 2:17-cv-02059-JCM-CWH |

### STIPULATION AND ORDER TO EXTEND DISCOVERY CUTOFF
(First Request)

COMES NOW, Plaintiff, AILI KAUPS, by and through her attorney, JACQUELINE R. BRETELL, ESQ., of BIGHORN LAW, and Defendant, LOWE'S HOME CENTERS, LLC and LOWE'S HIW, INC., by and through its attorney, WALTER R. CANNON, ESQ., of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, and hereby stipulate, agree and make this joint application to extend the discovery cutoff date, for a period of 90 days, from January 24, 2018, to and including April 24, 2018. This Stipulation is made and based upon the following facts and for the following reasons:

. . .

## I. INTRODUCTION

This action arises out of an alleged incident that occurred on April 10, 2015 in the parking lot area of the Lowe's store located at 9955 South Eastern Avenue, Las Vegas, Nevada, 89183. In her Complaint, Plaintiff alleges that she slipped and fell over a rock, pine cone, or a crack in the parking lot as she was walking to her vehicle, causing her to fall to the ground and injure herself. Further, Plaintiff alleges general complaints of pain in her cervical and lumbar areas, a non-displaced fracture in her right knee and left ankle, and a partially torn rotator cuff which required orthoscopic surgery to repair. Defendant's Answer denies fault for the accident and affirmatively alleges that Plaintiff's claimed injuries were not all related to the fall that she has alleged to have experienced.

## II. DISCOVERY COMPLETED TO DATE

1. On July 28, 2017, Defendants filed a Petition for Removal of Civil Action.
2. On August 11, 2017, Defendant filed a Compliance with Court Order Concerning Removal.
3. On August 28, 2017, the parties filed a Joint Status Report Concerning Removal.
4. On October 10, 2017, the parties submitted a proposed Discovery Plan and Scheduling Order to the Court.
5. On October 12, 2017, this Honorable Court granted the Discovery Plan and Scheduling Order.
6. On October 16, 2017, Defendants served Interrogatories and Request for Production upon the Plaintiff.
7. On October 26, 2017, Plaintiff served Interrogatories, Request for Production of Documents, and Requests for Admissions upon Defendants.

## III. DISCOVERY REMAINING

This case was removed to Federal Court on July 28, 2017. On October 12, 2017, the Court approved the parties proposed Discovery Plan and Scheduling Order. Upon receipt of the Court's Order, both parties served Interrogatories and Request for Production of Documents. The responses to this discovery are due in early December, 2017. Upon receipt of Plaintiff's

responses, Defendant intends to utilize an executed Medical Authorization from the Plaintiff to collect Plaintiff's medical records from her 10 treating physicians and physical therapists with whom Plaintiff treated for the injuries he allegedly sustained in her fall. Once Defendant receives the medical records, it intends to take depositions from the Plaintiff and at least five of her treating physicians. In addition to these depositions, the parties will need to take depositions from at least four store employees and two additional percipient witnesses.

Given the number of depositions that need to be taken, the parties do not believe that they will be able to complete their discovery by the current January 24, 2018 discovery cutoff date.

## IV. REASON DISCOVERY REMAINING WAS NOT CONDUCTED DURING THE SCHEDULED DISCOVERY PERIOD

As noted above, this is a rather complex medical case where Plaintiff has treated with a large number of physicians. A Medical Authorization executed by the Plaintiff has been requested in the discovery served by the Defendant, but will not be received until the first week in December of 2017. Once the Medical Authorization has been provided, defense counsel intends to utilize it to collect a complete set of medical and billing records from all of Plaintiff's treating physicians. Without Plaintiff's medical records, it was impossible for the Defendant to take Plaintiff's deposition or the depositions of any of Plaintiff's treating physicians.

Unfortunately, over the past few years, it has become increasingly more difficult and time consuming to collect medical records, even with an executed Medical Authorization. Today, many local doctors now use outside companies to respond to requests for medical and billing records. These companies demand payment in full up front before they even commence the gathering and reproduction process. Once payment is received, the companies then take an additional 45 to 60 days to actually gather, reproduce, and forward the collected records. As a consequence, medical records that used to be provided within 30 to 45 days of request are now taking 90 to 120 days to be provided.

Once the records have been collected, the parties estimate it will take approximately 90 days in order for them to take the depositions that they will require in order to properly prepare their case for mediation and/or trial.

## V. PRIOR REQUEST TO EXTEND THE DISCOVERY CUTOFF DATE

This is the parties first request to extend the discovery cutoff date and it is made in good faith and not merely for the purposes of delay. The parties believe that, if the Court were to grant the extension they are seeking, they should be able to gather the requisite medical records and take all of the depositions necessary in order to prepare this case for trial.

Based upon this Stipulation and for the reasons set forth herein, the parties would respectfully request that the Court extend the present discovery cutoff date for a period of ninety (90) days, from January 24, 2018 through April 24, 2018.

DATED this 21st day of November, 2017.

BIGHORN LAW

BY: /s/ Jacqueline R. Bretell
JACQUELINE R. BRETELL, ESQ.
Nevada Bar No. 12335
716 S. Jones Blvd.
Las Vegas, Nevada 89107
Attorney for Plaintiff

OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI

BY: /s/ Walter R. Cannon
WALTER R. CANNON, ESQ.
Nevada Bar No. 1505
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendants

## ORDER

Based upon the Joint Stipulation of the parties and good cause appearing therefrom, it is hereby ORDERED:

1. That the current discovery cutoff date be extended for a period of ninety (90) days, through and including April 24, 2018.
2. That the disclosure of experts shall occur on February 23, 2018.
3. The Interim Status Report shall be filed by February 23, 2018.
4. That the disclosure of rebuttal experts shall occur on March 26, 2018.
5. That all dispositive motions shall be served and filed not later than May 24, 2018.

. . .

. . .

. . .

6. That the parties Joint Pretrial Order shall be filed with the Court no later than June 25, 2018, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision of the dispositive motions or further Order of the Court.

7. No trial date has of yet been set.

DATED: 11/22/17

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

| BIGHORN LAW | OLSON, CANNON, GORMLEY ANGULO & STOBERSKI |
|---|---|
| BY: /s/ Jacqueline R. Bretell<br>JACQUELINE R. BRETELL, ESQ.<br>Nevada Bar No. 12335<br>716 S. Jones Blvd.<br>Las Vegas, Nevada 89107<br>Attorney for Plaintiff | BY: /s/ Walter R. Cannon<br>WALTER R. CANNON, ESQ.<br>Nevada Bar No. 1505<br>9950 W. Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>Attorney for Defendants |
| Date: November 21, 2017 | Date: November 21, 2017 |